UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIK ALAN FURDERO,<br><br>  Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:18-cv-00379<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes ERIK ALAN FURDERO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DISH NETWORK L.L.C. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Western District of Michigan.

**PARTIES**

4. Plaintiff is a 24 year-old natural person residing in Battle Creek, Michigan, which is located within the Western District of Michigan.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant operates satellite television programming and technology services in the United States, and regularly solicits consumers across the country, including those located in the state of Michigan. Defendant's principal place of business is located at 9601 South Meridian Boulevard, Englewood, Colorado.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In early 2017, Plaintiff obtained a new cellular phone number, (269) XXX-2418.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2418. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Shortly thereafter, Plaintiff began receiving phone calls to his new cellular phone number from Defendant.

12. Defendant has mainly called Plaintiff's cellular phone using the phone number (888) 337-3474.

13. Upon information and belief, the above phone number ending in 3474 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

14. When Plaintiff answers calls from Defendant, he experiences a pre-recorded message attempting to solicit him to purchase its television services.

15. Defendant's automated message also provides Plaintiff with the option to opt out by selecting a prompt.

16. Plaintiff has selected this prompt to opt-out of receiving Defendant's phone calls, however, it has continued to place calls to his cellular phone.

17. In addition, Defendant's phone calls often disconnect upon Plaintiff answering the phone.

18. Since Defendant's confusing phone calls persisted, Plaintiff spoke with one of Defendant's representatives and demanded that it stop contacting him.

19. Plaintiff has even called Defendant to reiterate his demands that it cease contacting him.

20. Despite Plaintiff's efforts, Defendant continued to systematically call his cellular phone well into the summer of 2017.

21. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

22. Plaintiff is unaware as to why Defendant is contacting him, as he currently receives his television services through DirecTV.

23. Plaintiff has received not less than 20 phone calls from Defendant since he first notified it to stop calling him.

24. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to him.

25. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $62.00 to purchase and maintain an application subscription on his cellular phone in an attempt to quell Defendant's contacts. However, Defendant's communications have persisted.

26. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The pre-recorded message Plaintiff experiences is instructive that an ATDS is being

used. Similarly, the fact that Plaintiff answers many of Defendant's calls and Defendant then disconnects the phone call, points to the involvement of an ATDS. Lastly, the frequency and nature of Defendant's calls is indicative of an ATDS.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff does not have any business relationship with Defendant nor has he given it permission to call his cellular phone. As such, he could not have given Defendant consent to contact him. Even if Plaintiff *may* have hypothetically given Defendant consent, it was revoked by his repeated demands that it stop calling.

32. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ERIK ALAN FURDERO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

36. Defendant's calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging Plaintiff to purchase, rent, or invest in Defendant's goods or services.

37. Defendant is a "telephone solicitor" as defined by M.C.L. § 445.111(n) as it is a person doing business in Michigan who makes or causes to be made telephone solicitations from within or outside Michigan.

38. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the Act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

39. Defendant violated M.C.L. § 445.111c(1)(g) by continuing to place solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff clearly and repeatedly requested that he no longer receive calls from Defendant. As such, by continuing to place calls attempting to solicit Plaintiff's business after such requests were made, Defendant violated the HSSA.

WHEREFORE, Plaintiff, ERIK ALAN FURDERO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

c.  Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

d.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

42. Defendant's conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

43. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting violations of the MCPA.

44. As illustrated below, Defendant violated several of those specific provisions.

   **a.  Violations of M.C.L. § 445.903(1)(b)**

45. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

46. Defendant violated M.C.L. § 445.903(1)(b) when it used deceptive means to attempt to solicit Plaintiff's business. Since Defendant's phone calls began shortly after Plaintiff was assigned his new number, it is likely that Defendant was placing the calls to Plaintiff's cellular phone seeking to solicit the business of the person to whom the number was previously assigned. Additionally, Defendant repeatedly made solicitation calls to Plaintiff after being told to stop calling. Through its conduct, Defendant deceptively represented to Plaintiff that it had the legal

7

ability to contact him via an automated system when, not only did it not have consent to place such calls in the first place, but was also subsequently told to stop calling.

### b. Violations of M.C.L. § 445.903(1)(n)

47. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

48. Defendant violated M.C.L. § 445.903(1)(n) when it continued to call Plaintiff using an automated system absent consent. Through its conduct, Defendant represented to Plaintiff that, notwithstanding Plaintiff's lack of consent to receiving its calls as well as his demands that it cease calling him, Defendant maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendant's calls to stop merely by asking. However, under both the TCPA and Michigan law, Defendant was obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. By continuing to call notwithstanding Plaintiff's demands, Defendant caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls stop.

### c. Violations of M.C.L. § 445.903(1)(gg)

49. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

50. As illustrated above, Defendant violated the HSSA by continuing to solicit Plaintiff's business after Plaintiff demanded that such calls cease. Therefore, Defendant's conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, ERIK ALAN FURDERO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from continuing its conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 6, 2018                                         Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Western District of Michigan

Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com